### DISTA v. WESTCHESTER ELECTRIC R. CO.

(Supreme Court, Appellate Term. April 10, 1907.)

CARRIERS—INJURIES TO PASSENGERS—STREET RAILROADS—EVIDENCE.
     Where, in an action for injuries to a street car passenger, the only evidence that defendant operated the cars on the line on which plaintiff was injured was a transfer slip bearing defendant's name, which trans-

fer slip defendant's superintendent testified was issued by another railroad company, and not by defendant, plaintiff was not entitled to recover.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1308.]

Appeal from Municipal Court, Borough of the Bronx, First District.

Action by Mary Dista, an infant, etc., against the Westchester Electric Railroad Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

William E. Weaver, for appellant.

GIEGERICH, J. The judgment must be reversed because of the failure on the plaintiff's part to prove that the car on which she was riding at the time of her injury was operated by the defendant. All the competent evidence offered went to show that, not the defendant, but the Union Railway Company, operated the cars on the line on which the plaintiff was injured. The only thing having a tendency to show that the defendant operated them was a transfer slip bearing its name; but, aside from any other question as to the significance of this slip, there was an entire absence of evidence to show that such use of its name was authorized by the defendant. In fact, the defendant's superintendent testified that it was issued by the Union Railway Company, and not by the defendant. On the record as presented, the complaint should have been dismissed for failure of proof.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.